UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20369-CIV-ALTONAGA/Reid

**SHIFT CAPITAL, INC.**,

    Plaintiff,
v.

**IINN, INC.**, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court upon a *sua sponte* review of Plaintiff, Shift Capital, Inc.'s Complaint [ECF No. 1], filed on January 21, 2026. In its two-count Complaint, Plaintiff asserts a claim of fraudulent inducement (Count One) and an alternative claim of unjust enrichment (Count Two), against Defendants, IINN, Inc. ("IINN"); Insight Management and Consulting Services, Inc. ("Insight Management"); Insight Mobility, LLC ("Insight Mobility"); and Atif Bawahab. (*See generally id.*).

Plaintiff alleges that Bawahab, Insight Management, and Insight Mobility engaged in a fraudulent scheme to induce Plaintiff to enter into multiple agreements with Insight Management; Insight Mobility; non-party CarePoint Health Systems, Inc. and several of CarePoint Health Systems, Inc.'s subsidiaries (collectively, "CarePoint"); and non-party Insight Chicago, Inc. ("Insight Chicago"). (*See id.* ¶¶ 9–32). As part of those agreements — executed on June 14, 2024 ("June 2024 Agreement"), and July 3, 2024 ("July 2024 Agreement"), respectively — Plaintiff agreed to pay specified sums to acquire certain portions of CarePoint, Insight Management, Insight Mobility, and Insight Chicago's future receivables. (*See id.* ¶¶ 13, 20).

CASE NO. 26-20369-CIV-ALTONAGA/Reid

The July 2024 Agreement includes a representation that CarePoint "does not contemplate and has not filed any petition for bankruptcy protection under Title 11 of the United States Code" and "does not anticipate filing any such bankruptcy petition[.]" (*Id.* ¶ 25 (alteration added)). Shortly after signing the July 2024 Agreement, however, CarePoint filed for bankruptcy, in violation of its prior representation. (*See id.* ¶ 26). Plaintiff contends "[u]pon information and belief" that CarePoint's "representation was knowingly false when made" and caused Plaintiff $14,439,812.00 in damages (*Id.* ¶¶ 26, 40 (alterations added)).

Plaintiff alleges the Court has subject matter jurisdiction based on the parties' diverse citizenship, under 28 U.S.C. section 1332. (*See id.* ¶ 6). The Court is not convinced of its subject matter jurisdiction.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Put differently, it is the Court's responsibility to "zealously [e]nsure that jurisdiction exists over a case, and [it] should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alterations added; citation omitted).

Plaintiff's jurisdictional allegations regarding the Court's diversity jurisdiction are deficient. Plaintiff, a Florida corporation with its principal place of business in Florida, invokes the Court's diversity jurisdiction under 28 U.S.C. section 1332, asserting the amount in controversy exceeds $75,000 and the action is between citizens of different states. (*See* Compl. ¶¶ 1, 6). For purposes of diversity jurisdiction, Defendants Insight Management and Insight Mobility, as limited liability companies, are citizens "of any state of which a member of the

company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (alteration added). Therefore, to sufficiently plead the citizenships of Insight Management and Insight Mobility, Plaintiff must identify the citizenships of each of their members. *See id*. The Complaint fails to mention the citizenship of each member of Insight Management and Insight Mobility. (*See generally* Compl.).

Additionally, Plaintiff's allegations concerning the citizenships of Defendants IINN, Insight Management, and Insight Mobility are based on "information and belief[.]" (*Id.* ¶ 6 (alteration added)). "[I]t is *never* appropriate to plead jurisdictional allegations upon information and belief." *Admiral Ins. Co. v. VPRART, LLC*, No. 21-cv-21312, 2021 WL 1318223, at *1 n.1 (S.D. Fla. Apr. 7, 2021) (alteration added; emphasis in original; citations omitted); *see also Dockery v. Hartford Ins. Co. of the Midwest*, No. 19-21904-Civ, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) (explaining that an allegation of residency made on information and belief "does not qualify as a 'fact' establishing jurisdiction"); *Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-cv-1165, 2020 WL 6263756, at *2 (M.D. Fla. Oct. 23, 2020) ("Allegations premised only on information and belief are plainly insufficient to establish the jurisdictional thresholds necessary to invoke [the c]ourt's subject matter jurisdiction." (alteration added; citations and quotation marks omitted)).

Before the action may proceed, Plaintiff must assure the Court that subject matter jurisdiction exists. *See McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021) (explaining that when a court "take[s] up the issue of [subject matter] jurisdiction on its own . . . it must give the parties notice and an opportunity to be heard" (alterations added; citations omitted)).

For the foregoing reasons, it is **ORDERED** as follows:

3

CASE NO. 26-20369-CIV-ALTONAGA/Reid

1. The Complaint is dismissed without prejudice. Plaintiff, Shift Capital, Inc. has until **January 29, 2026**, to submit an amended complaint complying with this Order and showing the Court has subject matter jurisdiction. Failure to do so will result in the entry of an order dismissing the case without prejudice.

2. Plaintiff's Motion to Seal Filed Exhibits **[ECF No. 4]** is **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of January, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record